PETTIGREW, J.
In this case, defendant appeals from an adverse judgment whereby the trial court ruled against defendant on issues including child support, the fair market rental value of the former family home, and defendant’s *1285 request for rental reimbursement. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Susan Racca, and defendant, Michael Ray Racca, were married on December 14, 1990, in Rayne, Louisiana, and established their last matrimonial domicile in St. Tammany Parish. Of this marriage, one child was born, Sean Stephens Racca. In October of 1997, Susan petitioned for divorce, requesting, among other things, child support for the minor child and exclusive use of the former family home, pending the sale of said property.
A hearing on Susan’s petition was scheduled for December 17, 1997, at which time the parties entered into a stipulation. It was agreed that the parties would be awarded joint custody of the minor child, that Susan would be designated as the domiciliary parent, and that Michael would enjoy stipulated visitation and liberal phone access. There was also a stipulation “that there be no overnight guests of the opposite sex who are unrelated during either parties [sic] custody or visitation with the minor child.” The parties also agreed that Susan would be granted the exclusive use of the former family home, and that Michael would pay monthly child support in the amount of $312.00. Finally, the parties agreed that Michael would furnish proof of his income to Susan on a monthly basis.
According to the transcript of the December 17, 1997 hearing, only Susan was represented by counsel. The stipulation was read into the record by Susan’s counsel, after which the court questioned both Susan and Michael as to their understanding of the agreement. Both Susan and Michael indicated that they understood and agreed with the stipulation. On May 8, 1998, the trial court signed a judgment in accordance with the above stipulations. Thereafter, on July 2, 1998, a judgment of divorce was rendered pursuant to La. Civ. Code art. 102.
| ^Approximately one year later, Michael filed a petition requesting judicial partition of the community. Michael also sought immediate and exclusive use and occupancy of the former family home, or in the alternative, rental reimbursement for Susan’s use and occupancy of the former family home subsequent to the divorce. Thereafter, Susan filed a rule seeking an increase in child support and for contempt. In a preliminary hearing on these matters conducted on April 20, 1999, Michael’s counsel stipulated for the record that Michael was abandoning his request for the exclusive use and occupancy of the former family home but reserving his right to argue the issue of rental reimbursement at a later date. The trial court considered the issue of an increase in child support and issued an interim order that it be set at $600.00 per month, pending the final hearing. The remaining issues were continued to the next hearing date, May 11, 1999.
According to the transcript of the May 11, 1999 hearing, the trial court heard from several witnesses, including Susan and Michael, both of whom were represented by counsel at the time. The parties stipulated that the amount of the mortgage note on the former family home was $575.00. The parties could not, however, agree on a fair market rental value for the house. After hearing the evidence, the trial court ruled from the bench as follows: (1) the court increased the child support award to $600.00, retroactive to the date of the original judgment, May 8,1998; (2) the court found Michael in contempt of court for failing to provide information regarding his income as required by the May 8, 1998 judgment and for violating the court’s order regarding overnight guests in the house during visitation with the minor child; (3) the court granted a restraining order against Michael prohibiting him from transporting his son on a motorcycle; (4) the court set the fair market rental value of the former family home at $600.00 per month; and (5) the court ordered that *1286 Michael maintain health insurance on the minor child and cover 66 percent of any uncovered medical expenses. The court took the issue of rental reimbursement under advisement. A judgment (hereinafter referred to as “the first judgment”) reflecting the court’s orders as outlined above was filed into the record on May 18, 1999, for the trial court’s signature.
LSubsequently, on May 20, 1999, the trial court issued reasons for judgment regarding the rental reimbursement issue indicating that Michael was “not entitled to an award for rental reimbursement for plaintiffs use and occupancy of the former family home.” A judgment (hereinafter referred to as “the second judgment”) in this regard was filed into the record on May 28, 1999, for the trial court’s signature.
The trial court signed both of these judgments on June 1, 1999. Thereafter, Michael appealed both judgments. In this appeal, Michael attacks the second judgment, assigning the following specifications of error:
1.) The Court was in error and/or abused its discretion in denying Mr. Racca’s rule for reasonable rental reimbursement to the community, and to him as a co-owner, for the exclusive use and occupancy of the house by the other co-owner.
2.) The Court was in error in finding the fair market rental value to be an amount other than that established on the record.
Separately, Michael appeals the trial court’s first judgment. See this court’s opinion in Racca v. Racca, No. 99 CA 2948, also decided this date.
DISCUSSION
The assignments of error raised in this appeal contain some of the same issues discussed in the companion case also decided this date. For the reasons assigned in Racca v. Racca, No. 99 CA 2948, we affirm the judgment of the trial court denying Michael’s request for rental reimbursement associated with the use and occupancy of the former family home by Susan. All costs associated with this appeal are assessed against defendant/appellant, Michael Ray Racca.
AFFIRMED.